UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1233 PA (AGRx) | Date | February 21, 2019 |
|---|---|---|---|
| Title | Janet Mausner v. Telebrands Corp., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Telebrands Corp. ("Telebrands"). In its Notice of Removal, Telebrands asserts that this Court has jurisdiction over the action brought against it by plaintiff Janet Mausner ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, the removing defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). A person is domiciled in the place he resides with the intent to remain or to which he intends to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1233 PA (AGRx) | Date | February 21, 2019 |
|---|---|---|---|
| Title | Janet Mausner v. Telebrands Corp., et al. | | |

Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("[T]he relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company . . . ."). A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

In its Notice of Removal, Telebrands states that, "[t]hrough inadvertent error," it previously filed an Answer on behalf of itself and "an incorrect entity not named in Plaintiff's [First Amended Complaint]." (Notice of Removal ¶ 4.) That "erroneous" Answer was filed on behalf of both Telebrands and Bulbhead.com, LLC. Bulbhead.com, LLC, Bulbhead, and Polar Pooch are named in the caption of both the original Complaint and the First Amended Complaint, but there are no substantive allegations against them in either pleading. Both the Complaint and the First Amended Complaint do, however, allege that "Defendants" are responsible for Plaintiff's injuries. Other than implying in its Notice of Removal that Bulbhead.com, LLC, Bulbhead, and Polar Pooch are not "named in" Plaintiff's First Amended Complaint, Telebrands' Notice of Removal does not allege any information about the citizenship of Bulbhead.com, LLC, Bulbhead, or Polar Pooch, or any other information about their status, or why those entities should be ignored for purposes of determining this Court's subject matter jurisdiction.

The Court concludes that by failing to identify the citizenship of Bulbhead.com, LLC, Bulbhead, and Polar Pooch, or otherwise explaining why those entities, who are named as defendants in the caption of the operative First Amended Complaint, should be ignored for purposes of assessing the Court's diversity jurisdiction, Telebrands has failed to satisfy its burden to establish the existence of this Court's subject matter jurisdiction. See Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) ("[A]ll defendants must join a notice of removal.") (internal citation omitted); see also Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999) ("Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal."). Specifically, the Court concludes that Telebrands has not established that Plaintiff's citizenship is diverse from each of the defendants named in her First Amended Complaint.

The Court therefore remands this action to Los Angeles Superior Court, Case No. BC710680 for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.